IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON HULL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 18-cv-2161-DWD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

### ORDER DISMISSING SECOND OR SUCCESSIVE § 2255 PETITION

**DUGAN, District Judge:**

In Case No. 11-CR-30042-SMY, Petitioner Aaron Hull negotiated a plea agreement and pleaded guilty to one count of possession of a firearm by a previously convicted felon and one count of possession of ammunition by a previously convicted felon, all in violation of 18 U.S.C. §§ 922(g) and 924(e)(1). On December 16, 2011, Hull was sentenced to a 180-month term of imprisonment to be followed by three years of supervised released. He did not appeal his sentence.

On June 9, 2016, the Court received a letter from Hull that requested relief under *Johnson v. United States*, 576 U.S. 591 (2015), which held that the residual clause of the Armed Career Criminal Act was void for vagueness and was found to apply retroactively in *Welch v. United States*, 136 S.Ct. 1257 (2016). (*See* 11-CR-30042, Doc. 41). The Court instructed the Clerk of Court to file Hull's letter as a new action seeking relief under 28 U.S.C. § 2255. (11-30042, Doc. 42). Hull pursued *Johnson*-based relief in Case No. 16-cv-646-SMY. On July 12, 2018, Hull's § 2255 petition was denied on the merits.

On December 10, 2018, Hull filed the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. He labeled his motion as a "Petition for Second and Successive 2255." (Doc. 1, p. 1). Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS requires the presiding judge to review the motion and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, [to] dismiss the motion."

In his petition, Hull raises two grounds for relief. First, he alleges that his sentence is unconstitutional in the wake of the Supreme Court's decision in *Mathis v. United States*, 136 S.Ct. 2243 (2016), in which the Court held that the Iowa burglary statute was not a violent felony offense under the Armed Career Criminal Act. Second, Hull alleges that his sentence is unconstitutional because it is in excess of the 120-month statutory maximum that believes applies to his offenses of conviction.

The hurdle for Hull is that this action is not his first attempt at securing relief pursuant to 28 U.S.C. § 2255. A prisoner has one opportunity to challenge a conviction and sentence following a direct appeal. 28 U.S.C. § 2255(a), (h). To bring a second challenge to his conviction or sentence under § 2255, the Court of Appeals must certify the petition and must authorize the petitioner to file it in the district court. 28 U.S.C. 2255 (h). Without that authorization, a district court lacks jurisdiction over the later-filed petition. *See Kramer v. United States*, 797 F.3d 493, 498 (7th Cir. 2015).

The threshold question is whether Hull's instant petition is a "second or successive habeas corpus application" made under 28 U.S.C. § 2255. Hull's petition collaterally

attacks the same sentence that he challenged in Case No. 16-cv-646-SMY, and he received a ruling on the merits of his petition in that action. While a petition need not be adjudicated on the merits to qualify a later-filed petition as "second or successive," a petition challenging the same conviction and sentence already challenged so qualifies. *See Vitrano v. U.S.*, 643 F.3d 229, 233-34 (7th Cir. 2011). As a result, the instant petition is "second or successive" as contemplated by 28 U.S.C. § 2255, and Hull must seek certification and authorization from the Seventh Circuit Court of Appeals before pursuing the claims raised in this action.

## CONCLUSION

For the above-stated reasons, the Court **FINDS** that Hull's petition (Doc. 1) is second or successive under 28 U.S.C. § 2255, and, as such, he must seek authorization from the Seventh Circuit prior to filing it in this Court. Until he receives such authorization, this Court lacks jurisdiction over his claims. Petitioner Aaron Hull's motion to vacate, set aside, or correct sentence is **DISMISSED without prejudice**. His pending motions for status (Docs. 2, 3, 4) are **DENIED as MOOT**.

**SO ORDERED.**

Dated: October 13, 2020

---

DAVID W. DUGAN
United States District Judge